**Berneda ORNELAS, Plaintiff–Appellant,**

v.

**FIDELITY NATIONAL TITLE COMPANY OF WASHINGTON INC, Defendant,**

**and**

**Ameriquest Mortgage Company, Defendant–Appellee.**

**No. 06–35034.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2007.

Filed Aug. 22, 2007.

Melissa A. Huelsman, Esq., Law Offices of Melissa A. Huelsman, Seattle, WA, for Plaintiff–Appellant.

David M. Jacobson, Esq., Marta U. Deleon, Esq., Dorsey & Whitney, LLP, Seattle, WA, for Defendant–Appellee.

Before: HALL, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Berneda Ornelas appeals the district court's order granting summary judgment to Ameriquest Mortgage Company on her claim under the Washington Consumer Protection Act, Wash. Rev.Code § 19.86, as well as the rulings on two discovery motions. Because the parties are familiar with the facts and prior proceedings, we do not recite them here. We affirm.

██ Conceding that the Fair Credit Reporting Act preempts her claim for damages based on the erroneous reporting of a loan, *see* 15 U.S.C. § 1681t(b), Ornelas argues that her Consumer Protection Act claim survives on a theory of injury based on Ameriquest's other conduct, which involved harassing phone calls, mailings, and the promise to pay future closing costs.[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ornelas has chosen not to appeal the district court's ruling that the Consumer Protection Act is partially pre-empted by the Fair Credit Reporting Act. Accordingly, we do not

The record, however, does not demonstrate that her subsequent delay in obtaining a loan was caused by this conduct or that Ornelas suffered any other injury to her business or property, as required under the Act. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.,* 105 Wash.2d 778, 719 P.2d 531, 533, 535–39 (1986); *see also Stephens v. Omni Ins. Co.,* 138 Wash.App. 151, 159 P.3d 10, 25 (2007) (noting that "mental distress, embarrassment, and inconvenience alone do not establish injury"). Further, the record contains no evidence that she relied on the promise to pay closing costs in her attempt to secure a loan from another company.

Even if Ornelas had successfully pled a violation of the Washington Consumer Loan Act, that violation would per se satisfy only the unfairness and public interest elements of a Consumer Protection Act claim. Wash. Rev.Code § 31.04.208. Because Ornelas would still need to prove an injury, and has failed to allege facts from which injury could be reasonably inferred, we need not decide whether a violation of the Consumer Loan Act occurred here.

■ We also hold the district court did not abuse its broad discretion in managing discovery in this case. The district court was well within this discretion to deny the late-filed motion to compel, regardless of the parties' out-of-court agreements. Ornelas has failed to show that the district court committed a clear error of judgment. *Valley Eng'rs, Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998) ("Absent a definite and firm conviction that the district court made a clear error in judgment, this court will not overturn" a discovery ruling for abuse of discretion.); *see also Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002).

consider to what extent, if any, the FCRA preempts state tort law in this case.

■ Similarly, the district court did not abuse its discretion by denying the motion to continue, which was filed after Ornelas' summary judgment motion. While Ornelas specifically identified the people she wished to depose as well as the topics of the proposed depositions, Ornelas's Rule 56(f) motion did not state how this testimony would fit into her case or how it would be "essential" to defeating summary judgment. *See California v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998).

AFFIRMED.